IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY ARCHIE, as | ) | |
| Administrator of the | ) | |
| Estate of Teria C. Archie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv508-MHT |
| | ) | (WO) |
| COVINGTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case comes before the court on two motions for leave to file amended answers. One is by the "County defendants": Covington County, Dennis Meeks, Alan Syler, and Melissa Leslie. And the other is by the "medical defendants": Southern Health Partners, Inc., Pamela Barber, and Wanda Craft. Plaintiff Terry Archie, as the administrator of the estate of Teria Archie, brought numerous claims against the defendants arising out of their alleged roles in Teria Archie's death at the age of 36 while detained pretrial at the Covington County Jail. *See Archie v. Covington County*,

No. 2:19cv508-MHT, 2021 WL 1182370 (M.D. Ala. 2021)
(Thompson, J.) (discussing case in more detail).   The
defendants now move for leave to amend their answers to
assert additional defenses.   For the reasons discussed
below, the defendants' motions for leave to amend will
be granted.

Amendments to pleadings are governed by Federal
Rule of Civil Procedure 15.   Under Rule 15(a)(2), once
the time to amend as a matter of course has expired, a
party may amend only with the opposing party's written
consent or the court's leave.   *See* Fed. R. Civ. P.
15(a)(2).   In the instant case, the defendants seek the
court's leave to amend.   The decision whether to grant
leave to amend a pleading is "committed to the sound
discretion of the trial court," *Shipner v. E. Air
Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989), though
Rule 15 urges that "[t]he court should freely give
leave when justice so requires," Fed. R. Civ. P.
15(a)(2).   The Eleventh Circuit Court of Appeals has

2

therefore "accepted a policy of liberal amendment." *United States for Use & Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987). District courts "should grant a motion to amend 'unless there are substantial reasons to deny it.'" *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (alterations omitted) (quoting *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (per curiam)). Still, a motion to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Plaintiff administrator Archie asserts that the motions to amend should be denied because the proposed amendments would be futile and would unduly prejudice

3

him.  He additionally argues that the County defendants
should be estopped from pleading the proposed defense
of lack of standing.  The court will first address the
estoppel argument, then turn to the remaining
arguments.

Administrator Archie argues that the County
defendants should be estopped from pleading as an
affirmative defense in their amended answer that Archie
lacks standing.  *See* Pl.'s Resp. (Doc. 69) at 3–5.
Archie contends that this proposed defense is
inconsistent with positions taken by the County
defendants in their brief in support of their partial
motion to dismiss.  In their brief, the County
defendants argued that then-plaintiffs B.R.A. and A.A.
lacked standing to bring the claims asserted in the
complaint because "under Alabama law only the personal
representative of Teria Archie's estate has standing to
bring [42 U.S.C. § 1983] claims alleging wrongful
death."  Defs. Covington County, Meeks, Syler, and

**4**

Leslie's Mem. Br. in Support of Defs.' Partial Mot. to Dismiss (Doc. 8) at 7. Citing to the complaint, they further stated that "only Terry Archie is duly appointed administrator and legal representative of Teria Archie's estate" and concluded that "Terry Archie, in his capacity as administrator of Teria Archie's estate, is the only plaintiff that with [sic] standing to pursue wrongful death claims under § 1983 in accordance with Alabama's Wrongful Death Statute." Defs. Covington County, Meeks, Syler, and Leslie's Mem. Br. in Support of Defs.' Partial Mot. to Dismiss (Doc. 8) at 7. The partial motion to dismiss was denied as moot after the administrator moved to file a second amended complaint that, among other changes, dismissed the individual plaintiffs.

Administrator Archie cites cases articulating principles of both judicial and equitable estoppel, but neither theory justifies preclusion of the County defendants' proposed defense of lack of standing.

5

"Judicial estoppel is an equitable doctrine designed to prevent a party from asserting a position in later proceedings that is inconsistent with a position upon which that party prevailed in an earlier proceeding." *Am. Cas. Co. of Reading, Pa. v. Skilstaf, Inc.*, 695 F. Supp. 2d 1256, 1260 (M.D. Ala. 2010) (Thompson, J.); *see also Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) ("Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."). The Supreme Court has identified several factors that "typically inform the decision whether to apply the doctrine in a particular case." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* (citations omitted). Additionally, courts should consider "whether the party has succeeded in persuading a court to accept that party's earlier position" and

"whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51. Consistent with these instructions, the Eleventh Circuit "employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (en banc) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002), *overruled by Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017) (en banc)).

In light of these factors, judicial estoppel is inappropriate in the instant case. The County defendants have not succeeded in persuading a court to accept that Archie, as administrator of the estate, has standing to pursue his claims. *See New Hampshire*, 532

7

U.S. at 750–51 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity." (citation omitted) (quoting *United States v. C.I.T. Constr., Inc.*, 944 F.2d 253, 259 (5th Cir. 1991))). Nor is there indication that any inconsistency between the County defendants' partial motion to dismiss and their proposed amended answers was "calculated to make a mockery of the judicial system." *Transamerica Leasing, Inc. v. Inst. Of London Underwriters*, 430 F.3d 1326, 1335 (11th Cir. 2005); *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010) ("When considering a party's intent for the purpose of judicial estoppel, we require 'intentional contradictions, not simple error or inadvertence.'" (quoting *Am. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1536 (11th Cir. 1983))). In short, administrator Archie fails to establish any

8

"intentional manipulation of the courts," *Spann v. DynCorp Tech. Servs., LLC*, 403 F. Supp. 2d 1082, 1086 (M.D. Ala. 2005) (Thompson, J.), and judicial estoppel is thus unwarranted.

Administrator Archie alternatively frames his argument in terms of the doctrine of equitable estoppel, but this too is unavailing. Although similar to judicial estoppel, "[e]quitable estoppel focuses on the relationship between the parties to the prior litigation and requires a demonstration that a party claiming equitable estoppel relied to its detriment on a position maintained by its adversary in an earlier proceeding." *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861, 863 n.2 (N.D. Ala. 1999) (Acker, J.). According to Archie, he detrimentally relied on the County defendants' statement in their partial motion to dismiss when the second amended complaint omitted individual plaintiffs B.R.A., A.A., and Sarah Archie. *See* Pl.'s Resp. (Doc. 69) at 4-5. However, Archie

9

fails to establish why the voluntary omission of other plaintiffs is a detriment to *him*.   Moreover, the County defendants have clarified that they seek to raise the defense of lack of standing not with respect to Archie's standing to bring wrongful-death claims as administrator of the estate, but rather "in response to any attempt by Plaintiff to seek injunctive or declaratory relief."   Defs. Covington County, Meeks, Syler, and Leslie's Reply to Pl.'s Resp. (Doc. 70) at 6-7.   In light of this clarification, there is no unfairness that warrants estoppel of the County defendants' proposed amendment.[1]

Administrator Archie further argues that both the County and medical defendants' proposed amendments to

---

1.   Administrator Archie's argument raises the complicated issue of whether a party may be estopped from asserting a defense that implicates the court's jurisdiction. *See Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 (11th Cir. 1991) ("The standing doctrine is an aspect of [the Article III] case or controversy requirement ....").   Because this court concludes that estoppel is unwarranted, this court need not address the issue in the instant case.

include additional defenses would be futile. *See* Pl.'s Resp. (Doc. 69) at 5. Archie specifically addresses the County defendants' proposed amendments to assert the defenses of lack of standing, set-off, and failure to exhaust administrative remedies, as well as defendant Covington County's proposed additional defense of failure to file a notice of claim that complies with Alabama law.

The Eleventh Circuit has held that "denial of leave to amend [a complaint] is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). "Translating that standard to the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail." *Bartronics, Inc. v. Power-*

*One, Inc.*, 245 F.R.D. 532, 535 (S.D. Ala. 2007) (Steele, J.).

Administrator Archie has not established that the defendants' additional defenses would necessarily fail and are therefore futile. He refers the court to the Letters of Administration on the Estate of Teria C. Archie and the Affidavit of Claim and contends that these documents respectively demonstrate his standing and satisfactory notice of claim. However, he has developed no argument based on these documents that the proposed defenses cannot succeed as a matter of law. Accordingly, the court cannot conclude that futility constitutes a substantial reason to deny leave to amend.

Finally, administrator Archie argues that he would be unduly prejudiced by both the County and medical defendants' proposed amendments, given that discovery has already commenced and he would need to "double back to make sure that third party discovery has taken the

new defenses into account." Pl.'s Resp. (Doc. 69) at
5-6. However, "[a]ny amendment to an original pleading
necessarily involves *some* additional expense to the
opposing party." *Loggerhead Turtle v. Cty. Council of
Volusia Cty., Fla.*, 148 F.3d 1231, 1257 (11th Cir.
1998). The defendants filed their motions to amend
prior to the deadline for amending pleadings, and
discovery remains open for another five months. *See*
Uniform Scheduling Order (Doc. 61). In light of the
remaining time to conduct discovery, Archie has not
shown how the defendants' proposed amendments would
delay proceedings or unduly prejudice him in his
preparations.[2]

---

2. Administrator Archie does not argue that the
defendants' motions should be denied due to undue
delay, and any such argument would have been
unavailing. The Eleventh Circuit has noted that
"generally, the mere passage of time, without more, is
an insufficient reason to deny leave to amend," *In re
Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014)
(quoting *Hester v. Int'l Union of Operating Eng'rs*, 941
F.2d 1574, 1578-79 (11th Cir. 1991)), and the
defendants' three-month delay in filing their motions
for leave to amend did not amount to delay that was

Given Rule 15(a)'s liberal standard and the lack of a substantial reason to deny the defendants' motions, the court finds that the amendments should be allowed.

* * *

Accordingly, it is ORDERED that:

(1) Defendants Covington County, Dennis Meeks, Alan Syler, and Melissa Leslie's corrected motion for leave to file amended answers (Doc. 64) and defendants Southern Health Partners, Inc., Pamela Barber, and Wanda Craft's motion for leave to file a second amended answer (Doc. 66) are granted.

(2) Defendants are allowed to file their amended answers by no later than September 23, 2021.

DONE, this the 16th day of September, 2021.

　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　UNITED STATES DISTRICT JUDGE

---

*undue*, *see Loggerhead Turtle*, 148 F.3d at 1256–57 (holding that three-month delay in moving for leave to file amended complaint, still "within the time period prescribed in the district court's scheduling order," did not support a finding of undue delay).

14